UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CLAYTON BROWN,

                Petitioner,

       -against-

ROBERT CUNNINGHAM,

                Respondent.
-------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/4/2015

**ORDER ADOPTING
REPORT & RECOMMENDATION**

14-CV-3515 (VEC) (MHD)

VALERIE CAPRONI, United States District Judge:

    *Pro se* Petitioner Clayton Brown filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his June 1, 2011 conviction in New York State Supreme Court, New York County, for criminal sale of a controlled substance under N.Y. Penal Law §220.39(1). This Court referred the action to Magistrate Judge Michael H. Dolinger for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b). Dkt. 5. On April 22, 2015, Magistrate Judge Dolinger issued his R&R, recommending that the Petition be denied. Dkt. 14. Upon careful review of the record, the R&R, and Petitioner's Objections to the R&R, the Court agrees with the R&R; accordingly, the Petition is DENIED.

## BACKGROUND

    On October 9, 2010, Brown was arrested for criminal sale of a controlled substance as part of a "buy-and-bust" operation. At trial, the State's evidence against Brown relied heavily on the testimony of two undercover officers, who testified that they witnessed the narcotics transaction. Before the officers testified, the court held a *Hinton* hearing to determine the necessity of closing the courtroom during the testimony of the undercover officers. *See People v. Hinton*, 31 N.Y.2d 71 (1972). The trial court found that partial closure of the courtroom was

warranted, noting that there was "an overriding public interest . . . involving the safety of the officers" and that "proceeding any other way would endanger the lives and seriously damage other investigations being conducted by these officers." *Hinton* Tr. at 41.[1]  Although the trial court closed the courtroom to the public during the officers' testimony, Petitioner's girlfriend and niece were allowed to remain in the courtroom. *Id*. at 41.  The jury found Brown guilty of criminal sale of a controlled substance; the trial court sentenced him to seven years in prison with three years of post-release supervision. Sentencing Tr. at 22.

Petitioner filed a notice of appeal on September 8, 2011, with the Appellate Division, First Department. SR at 9.  He asserted that (1) his conviction was against the weight of the evidence; (2) the court violated his constitutional right to a public trial under the Sixth Amendment by excluding his co-workers during the undercover officers' testimony; and (3) his sentence was excessive and should be reduced in the interest of justice. *Id.* at 37, 45, 50.  The First Department affirmed Brown's conviction and sentence, and the Court of Appeals denied review. *People v. Brown*, 107 A.D.3d 499, 500, *leave denied*, 21 N.Y.3d 1040 (2013).

On May 12, 2014, Petitioner timely filed the instant petition, reasserting the same three arguments he raised on appeal and adding a claim of actual innocence. Pet. at 4.  On April 22, 2015, Magistrate Judge Dolinger issued an R&R, recommending that the Petition be denied.  In particular, Magistrate Judge Dolinger noted that (1) "petitioner makes no allegations of insufficiency beyond the credibility of the officers' testimony, and that cannot be a basis for habeas relief," R&R at 33-34; (2) the "trial judge 'ma[d]e findings adequate to support the closure'" of the courtroom during the testimony of the undercover officers, *id.* at 43 (quoting

---

[1] References to "*Hinton* Tr." refer to the transcript of the *Hinton* hearing held on May 13, 2011, references to "Trial Tr." refer to the transcript of the trial held on May 13, 2011, and references to "Sentencing Tr." refer to the transcript of the June 1, 2011 sentencing. *See* Dkt. 11.  References to "SR" refer to the state court record filed with the Court.  Dkt. 9.

*Waller v. Georgia*, 467 U.S. 39, 48 (1984)); and (3) Petitioner's claim that his sentence is excessive fails because it "was well within the statutory range," *id.* at 47.  Magistrate Judge Dolinger also noted that Petitioner's newly asserted claim of innocence does not entitle him to habeas relief because a "petition for habeas relief cannot be premised on actual innocence. . . . Such a claim is not permitted on habeas review . . . ." *Id.* at 37.  On May 7, 2015, Petitioner filed his Objections to the R&R ("Objections").[2]  Dkt. 15.

## STANDARD OF REVIEW

In reviewing a report and recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  When specific objections are made, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *Id.*  By contrast, the district court may adopt portions of a magistrate judge's report to which there are no objections so long as "there is no clear error on the face of the record."  *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (citation omitted).

Courts "have never held *pro se* prisoners to the standards of counseled litigants." *Gonzalez v. Crosby*, 545 U.S. 524, 544 (2005) (citing *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*)).  Accordingly, "the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (*per curiam*) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (emphasis in *Triestman*)).

---

[2]   Respondents contend that Petitioner's Objections were not timely filed, but the Court assumes *arguendo* that they were.

**DISCUSSION**

A prisoner may be entitled to habeas relief if (1) the state court's decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court, or (2) the state's decision was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); *see also Harrington v. Richter,* 562 U.S. 86, 98 (2011).

**I.     Closure of the Courtroom**

Petitioner objects only to one recommendation in the R&R – he alleges that Magistrate Judge Dolinger improperly analyzed his Sixth Amendment argument under *Waller*, 467 U.S. 39. Brown asserts that he was denied his Sixth Amendment right to a public trial and thus that he is entitled to habeas relief. Objections at 1, 2. The Court reviews Petitioner's arguments *de novo* but finds that Petitioner's arguments are unpersuasive.

In *Waller*, the Supreme Court articulated a four-pronged test to determine whether a courtroom can be closed during a criminal trial without violating the defendant's public trial rights. 467 U.S. at 45. The test, which balances the defendant's rights against the Government's interest in protecting sensitive information, provides that (1) the party seeking to close a hearing must advance an overriding interest that is likely to be prejudiced absent closure; (2) closure must be no broader than necessary to protect that interest; (3) the trial court must consider reasonable alternatives to closing the proceeding; and (4) the trial court must make sufficient findings to support the closure. *Id.* Here, a *Waller* analysis supports the trial court's decision to partially close the courtroom to the public during the undercover officers' testimony.

"[T]he State has an 'overriding interest' in protecting the identity of its undercover officers." *Rodriguez v. Miller*, 537 F.3d 102, 110 (2d Cir. 2008). "The gravity of the state

interest in protecting the secrecy of the officer's identity from casual observers and the likelihood that this interest will be prejudiced by the officer's testifying in open court are both sufficiently substantial to justify the limited closure of the courtroom during the officer's testimony." *Ayala v. Speckard*, 131 F.3d 62, 72 (2d Cir. 1997) (*en banc*).  When the courtroom closure is narrow (*e.g.*, when it is only closed for an officer's testimony) and a transcript is subsequently made publicly available, the closure "passes muster . . . when an undercover officer articulates even a generalized fear that his safety could be endangered by testifying in open court, and explains in rough terms the basis of his fear."  *Bowden v. Keane*, 237 F.3d 125, 130 (2d Cir. 2001) (citing *Bobb v. Senkowski*, 196 F.3d 350, 354 (2d Cir. 1999)).

In this case the undercover officers suitably demonstrated the necessity of their anonymity and their fear for their safety – they each testified at the *Hinton* hearing that they had been threatened with violence in the past and that they relied heavily on their anonymity to continue performing their jobs.  *Hinton* Tr. at 24-26, 32-35.  Accordingly, the State demonstrated the necessity of courtroom closure.

Under the second prong of the *Waller* inquiry, a closure of the proceeding "must be 'no broader than necessary' to vindicate the interest that justifies it."  *Bowden*, 237 F.3d at 130 (quoting *Waller*, 467 U.S. at 48).  The Second Circuit has held that closure of a courtroom to the public during an undercover officer's testimony is warranted under *Waller* and is not overly broad.  *See Rodriguez*, 537 F.3d at 110; *Brown v. Artuz*, 283 F.3d 492, 502 (2d Cir. 2002).  In Petitioner's trial, the courtroom was closed to the public only for the officers' testimony and transcripts of their testimony were later made public.  Moreover, Petitioner's girlfriend and niece were allowed to remain in the courtroom during the officers' testimony.  *Hinton* Tr. at 41.  The

closing of the court during the testimony of the undercover officers was consequently not overly broad.

The third element of the *Waller* test requires that the trial court consider reasonable alternatives to full secrecy, including making the transcript of the closed courtroom proceedings available to the public. *See Brown*, 283 F.3d at 502 (finding release of the transcript of the officer's testimony to the public to be a "reasonable alternative to open-court testimony"). At Petitioner's *Hinton* hearing, the trial court considered alternatives to a full closure. *Hinton* Tr. at 39-41. The court considered the exclusion of Petitioner's co-workers and adopted some alternatives to completely secret testimony, including allowing petitioner's girlfriend and niece to attend, and limiting the closure to the testimony of the two undercover officers. The transcripts of the officers' testimony were also made public. *See* Trial Tr. at 3-94.

Under the fourth prong of the *Waller* test, the trial court "must make findings adequate to support the closure." 467 U.S. at 48. "The purpose of this requirement is to allow a 'reviewing court to determine whether the closure order was properly entered.'" *Woods v. Kuhlmann*, 977 F.2d 74, 77 (2d Cir. 1992) (quoting *Waller*, 467 U.S. at 45) (alteration omitted)). Here, the trial court found, after a *Hinton* hearing, that closing the courtroom was appropriate to avoid endangering the lives of the undercover officers and to avoid damage to on-going investigations being conducted by them. *Hinton* Tr. at 41. The state court's decision to close the court during the undercover officers' testimony was not an unreasonable application of clearly established Supreme Court precedent.

In his initial petition, Petitioner relied on *People v. Nazario*, 4 N.Y.3d 70 (2005), to argue that a standard higher than the typical *Waller* analysis was necessary to justify the exclusion of his co-workers, with whom he had "significant personal relationship[s]." SR at 47-49. He

6

further argues in his Objections that the government failed to proffer evidence that Petitioner's co-workers were "inclined to harm a police officer." Objections at 2. The Court notes, however, that "*Waller* does not demand a higher showing before excluding a defendant's friends and family." *Rodriguez,* 537 F.3d at 108-09. In addition, Petitioner's reliance on *Nazario* is misplaced as it is not clearly established Supreme Court precedent, and thus does not define the contours of a federal constitutional right. *Cf. Kirby v. Senkowski*, 141 F. Supp. 2d 383, 397 n.7 (S.D.N.Y. 2001) (Chin, J.) ("[S]tate law claims . . . are not cognizable on habeas [review].").

Petitioner also argues that the exclusion of Petitioner's co-workers was not necessary to protect the undercover officers. Objections at 2. The Court disagrees. Based on the officers' testimony at the *Hinton* hearing, the closure of the court to the public during the officers' testimony was necessary to protect the officers.

## II.     Remainder of Petitioner's Claims

Petitioner did not object to Magistrate Judge Dolinger's finding that Petitioner's "weight of the evidence" and "excessive sentence" claims were meritless. Accordingly, the Court reviews those findings for clear error. *See Phillips*, 955 F. Supp. 2d at 211. To establish clear error, a court "must, upon review of the entire record, be left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks and citation omitted).

Even construing Petitioner's claim liberally as one challenging the sufficiency of the evidence,[3] Magistrate Judge Dolinger properly rejected Petitioner's insufficiency challenge, which rested on his assertion that the officers' testimony was not credible. *See Marshall v.*

---

[3] Although "it is well settled that upon habeas corpus the court will not weigh the evidence," *Hyde v. Shine*, 199 U.S. 62, 84 (1905), the R&R properly analyzed Petitioner's weight of the evidence challenge as an insufficiency claim, R&R at 24. *See Jackson v. Virginia*, 443 U.S. 307, 321 (1979); *see also Klosin v. Conway*, 501 F. Supp. 2d 429, 439 (W.D.N.Y. 2007).

*Lonberger*, 459 U.S. 422, 434 (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court."). Similarly, Magistrate Judge Dolinger properly determined that Petitioner's actual innocence claim was not cognizable under habeas review. *See Herrera v. Collins*, 506 U.S. 390, 401 (1993). Finally, Magistrate Judge Dolinger's conclusion that Petitioner's sentence within the statutory range did not deprive Petitioner of any constitutional right is not facially erroneous. *See White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (*per curiam*). Accordingly, the Court adopts the R&R in its entirety.

## CONCLUSION

For the reasons set forth above, the Court rejects Petitioner's objections to the R&R and adopts the R&R in its entirety. The Petition is therefore denied. Because Petitioner has not made a substantial showing that his constitutional rights were violated, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this ruling would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of Court is respectfully directed to terminate the case.

**SO ORDERED.**

Date: June 4, 2015         **VALERIE CAPRONI**
New York, NY               **United States District Judge**